SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone:   (909) 398-4404
Facsimile:   (909) 398-1883
Email: mskapik@skapiklaw.com, gskapik@skapiklaw.com,
bberkley@skapiklaw.com, mfalkenstein@skapiklaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| DUSTIN WILLIAM MATHEWS, an individual, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| | 1. 42 U.S.C. § 1983 (Unreasonable seizure, excessive force) |
| CITY OF EL MONTE; A. FERNANDEZ, an individual; and DOES 1 through 10, inclusive, | 2. 42 U.S.C. § 1983 (Monell) |
| | **JURY DEMAND** |
| Defendants. | |

Plaintiff DUSTIN WILLIAM MATHEWS ("Plaintiff") alleges as follows:

## PARTIES

1. Plaintiff is an individual and resident of El Monte, California.

2. Defendant CITY OF EL MONTE ("CITY") is a municipal corporation organized and existing under the laws of the State of California. CITY is located in the County of Los Angeles.

3. Defendant A. Fernandez ("FERNANDEZ") is an individual who, Plaintiff is informed and believes and thereon alleges, is a resident of Los Angeles County. FERNANDEZ is an officer in the CITY Police Department.

4. Defendant DOES 1-10 are Officers in the CITY Police Department. The true names of Defendant DOES 1-10 are unknown to Plaintiff who, therefore, sues these Defendants by such fictitious names. When the true names of these Defendants are ascertained, Plaintiff will amend this Complaint to allege their true names.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's 42 U.S.C. section 1983 claims pursuant to 28 U.S.C. sections 1331 and 1343.

## GENERAL ALLEGATIONS

6. On March 1, 2021, Plaintiff was diagnosed as having diffuse large B-cell lymphoma. The cancer caused intractable abdominal pain that necessitated the use of opioids to control the pain. Plaintiff started chemotherapy at the City of Hope on March 6, 2021.

7. On August 23, 2021, Plaintiff suffered complications from his cancer and chemotherapy and was hospitalized at Huntington Hospital in Pasadena. At that time, Plaintiff's weight was down to 116 pounds (from his normal weight of 175) and he looked like he was dying.

8. He also suffered from undiagnosed and untreated Legionella pneumonia (Legionnaire's disease) that caused hypoxemia (low oxygen levels in the blood) and made breathing difficult. The hypoxemia caused Plaintiff to regularly pass out.

9. Plaintiff's attending physician ordered a ventilator. Plaintiff feared that once on a ventilator he would never recover. Plaintiff wanted a second opinion regarding the ventilator and made several calls seeking a medical transport to Hoag Hospital in Newport Beach (including calls to the Pasadena Police Department and the California Department of Social Services). He found no one willing to help.

10. Hence, at approximately 4:22 p.m. on September 4, 2021, Plaintiff signed himself out of Huntington Hospital (still wearing a hospital gown).

11. Plaintiff somehow made it to his residence in El Monte and got into his Dodge Charger. He drove to the Walgreens Pharmacy, located at 3643 Peck Road, El

Monte, to pick up his prescription inhaler.  Plaintiff believed the inhaler would make it easier for him to breathe.

12. Plaintiff used the inhaler and left the Walgreens at about 6:10 p.m. Unfortunately, he drove only a few hundred yards to the intersection of Peck Road and Meeker Avenue in El Monte, where he came to a stop at the lights.  At the light, Plaintiff passed out due to hypoxemia.  (Plaintiff remained unconscious until sometime the next day when he was receiving oxygen at Greater El Monte Community Hospital.)

13. While Plaintiff was unconscious, his car rolled forward and made contact with the passenger door of another car.  Plaintiff's Charger sustained no damage other than a dent on the front license plate.  The other vehicle sustained minor damage to the passenger-side door.

14. Seven El Monte Police Department vehicles and eight police officers (Sergio Machado, Maribel Rojas, FERNANDEZ, Miriam Cuevas, Luis Cruz, Nicole Lona, Everardo Romo, and Hever Diaz) responded Code 3 (lights and siren) to a report of the accident.

15. Upon their arrival to the accident scene, Defendants FERNANDEZ and DOES 1 through 10 found Plaintiff slumped over his steering wheel.  Defendants should have immediately called for, and waited for, an ambulance.  As Plaintiff was still wearing his hospital gown, looked like a skeleton, and remained unconscious, it was obvious to a reasonable police officer that Plaintiff suffered a medical emergency.

16. Nevertheless, Plaintiff is informed and believes and thereon alleges that, on the basis of Plaintiff's tattoos and Dodge Charger automobile, Defendants FERNANDEZ and DOES 1-10 came to the erroneous conclusion that Plaintiff was driving under the influence and were angered when Plaintiff did not respond to their attempts to awaken him.

17. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 used their batons to break the passenger-front and passenger-rear windows in the Charger and the passenger-side rear-view mirror.

18. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 aggressively pulled Plaintiff out of the Charger through the front passenger door.  Defendants were so aggressive that they caused a severe labral tear in Plaintiff's left shoulder that will require a complete shoulder replacement.

19. Plaintiff is informed and believes and thereon alleges that FERNANDEZ or one of Defendant DOES 1-10 struck him in the forehead with his elbow.

20. Plaintiff is informed and believes and thereon alleges that he was either struck with a baton, or hit the pavement, causing a large lump on the top right-side of his head.

21. Plaintiff is informed and believes and thereon alleges that when Defendants FERNANDEZ and DOES 1-10 were unable to wake Plaintiff, they injected him with numerous doses of Naloxone (to reverse an opioid overdose).

22. Defendant FERNANDEZ arrested Plaintiff for driving under the influence of drugs.  Plaintiff never consented to a blood sample for DUI testing.

23. Plaintiff was ultimately transported to the Greater El Monte Community Hospital where Defendants FERNANDEZ and DOES 1-10 falsely told emergency-department personnel that Plaintiff was suffering from an opioid overdose and that he consented to a blood sample for DUI testing.

24. Plaintiff finally regained consciousness on September 5, 2021, when he could feel oxygen flowing into his nose.

25. Plaintiff rolled out of bed and walked out of the Greater El Monte Community Hospital.  A man standing in the parking lot drove Plaintiff to the Hoag Hospital in Newport Beach.

26. There, Plaintiff was admitted to the Intensive Care Unit where he spent the next three or four weeks.

27. Diagnostic tests administered at Hoag revealed that Plaintiff suffered from Legionella pneumonia (Legionnaire's disease) and sepsis.

28. Plaintiff's lymphoma is now in remission. He needs a left-shoulder replacement as a result of Defendants' excessive force.

## I.

## FIRST CAUSE OF ACTION

## VIOLATION OF FOURTH AMENDMENT—EXCESSIVE FORCE

### [42 U.S.C. § 1983]

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. At approximately 6:10 p.m. on September 4, 2021, Plaintiff passed out at the intersection of Peck Road and Meeker Avenue in El Monte as a result of his Legionella pneumonia and hypoxemia. (Plaintiff remained unconscious until sometime the next day when he was receiving oxygen at Greater El Monte Community Hospital.)

31. While Plaintiff was unconscious, his car rolled forward and made contact with the passenger door of another car. Plaintiff's Charger sustained no damage other than a dent on the front license plate. The other vehicle sustained minor damage to the passenger-side door.

32. Seven El Monte Police Department vehicles and eight police officers (Sergio Machado, Maribel Rojas, FERNANDEZ, Miriam Cuevas, Luis Cruz, Nicole Lona, Everardo Romo, and Hever Diaz) responded Code 3 (lights and siren) to a report of the accident.

33. Upon arrival to Plaintiff's vehicle, Defendants FERNANDEZ and DOES 1 through 10 found Plaintiff slumped over his steering wheel. Defendants should have immediately called for, and waited for, an ambulance. As Plaintiff was still wearing his hospital gown, looked like a skeleton, and remained unconscious, it was obvious to a reasonable police officer that Plaintiff suffered a medical emergency.

34. Nevertheless, Plaintiff is informed and believes and thereon alleges that, on the basis of Plaintiff's tattoos and Dodge Charger automobile, Defendants FERNANDEZ and DOES 1-10 came to the erroneous conclusion that Plaintiff was

driving under the influence and were angered when Plaintiff did not respond to their attempts to awaken him.

35. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 used their batons to break the passenger-front and passenger-rear windows in the Charger and the passenger-side rear-view mirror.

36. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 aggressively pulled Plaintiff out of the Charger through the front passenger door. Defendants were so aggressive that they caused a severe labral tear in Plaintiff's left shoulder that will require a complete shoulder replacement.

37. Plaintiff is informed and believes and thereon alleges that FERNANDEZ or one of DOES 1-10 struck him in the forehead with his elbow.

38. Plaintiff is informed and believes and thereon alleges that he was either struck with a baton, or hit the pavement, causing a large lump on the top right-side of his head.

39. Plaintiff is informed and believes and thereon alleges that when Defendants FERNANDEZ and DOES 1-10 were unable to wake Plaintiff, they injected him with numerous doses of Naloxone (to reverse an opioid overdose).

40. Plaintiff was ultimately transported to the Greater El Monte Community Hospital where Defendants FERNANDEZ and DOES 1-10 falsely told emergency-department personnel that Plaintiff was suffering from an opioid overdose and that Plaintiff consented to a blood sample for DUI testing.

41. Defendants FERNANDEZ and DOES 1-10 had no reasonable suspicion to believe that Plaintiff had committed a crime or intended to commit a crime.

42. In aggressively pulling Plaintiff out of his vehicle so as to cause of severe labral tear in Plaintiff's left shoulder, elbowing Plaintiff on his forehead, and either striking Plaintiff on the top of his head or throwing him down on the pavement, causing a large lump on the top-right of his head, Defendants acted under color of law.

43. In manhandling and beating Plaintiff, Defendants acted intentionally, maliciously, and oppressively to cause Plaintiff pain, suffering, and emotional distress.

44. Defendants were motivated by evil motive.

45. Defendants' seizure of Plaintiff's person was unreasonable and deprived him of his Fourth Amendment right to be free of unreasonable seizures.

46. The acts of Defendants were the proximate cause and moving force in the deprivation of Plaintiff's Fourth Amendment rights.

## II.

## SECOND CAUSE OF ACTION

## MONELL

## [42 U.S.C. § 1983]

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 as though fully set forth herein.

48. At approximately 6:10 p.m. on September 4, 2021, Plaintiff passed out at the intersection of Peck Road and Meeker Avenue in El Monte as a result of his Legionella pneumonia and hypoxemia. (Plaintiff remained unconscious until sometime the next day when he was receiving oxygen at Greater El Monte Community Hospital.)

49. While Plaintiff was unconscious, his car rolled forward and made contact with the passenger door of another car. Plaintiff's Charger sustained no damage other than a dent on the front license plate. The other vehicle sustained minor damage to the passenger-side door.

50. Seven El Monte Police Department vehicles and eight police officers (Sergio Machado, Maribel Rojas, FERNANDEZ, Miriam Cuevas, Luis Cruz, Nicole Lona, Everardo Romo, and Hever Diaz) responded Code 3 (lights and siren) to a report of the accident.

51. Upon arrival to Plaintiff's vehicle, Defendants FERNANDEZ and DOES 1-10 found Plaintiff slumped over his steering wheel. Defendants should have immediately called for, and waited for, an ambulance. As Plaintiff was still wearing his

hospital gown, looked like a skeleton, and remained unconscious, it was obvious to a reasonable police officer that Plaintiff suffered a medical emergency.

52. Nevertheless, Plaintiff is informed and believes and thereon alleges that, on the basis of Plaintiff's tattoos and Dodge Charger automobile, Defendants FERNANDEZ and DOES 1-10 came to the erroneous conclusion that Plaintiff was driving under the influence and were angered when Plaintiff did not respond to their attempts to awaken him.

53. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 used their batons to break the passenger-front and passenger-rear windows in the Charger and the passenger-side rear-view mirror.

54. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 aggressively pulled Plaintiff out of the Charger through the front passenger door. Defendants were so aggressive that they caused a severe labral tear in Plaintiff's left shoulder that will require a complete shoulder replacement.

55. Plaintiff is informed and believes and thereon alleges that FERNANDEZ or one of DOES 1-10 struck him in the forehead with his elbow.

56. Plaintiff is informed and believes and thereon alleges that he was either struck with a baton, or hit the pavement, causing a large lump on the top right-side of his head.

57. Plaintiff is informed and believes and thereon alleges that when Defendants FERNANDEZ and DOES 1-10 were unable to wake Plaintiff, they injected him with numerous doses of Naloxone (to reverse an opioid overdose).

58. Plaintiff was ultimately transported to the Greater El Monte Community Hospital where Defendants FERNANDEZ and DOES 1-10 falsely told emergency-department personnel that Plaintiff was suffering from an opioid overdose and that Plaintiff consented to a blood sample for DUI testing.

59. Defendants FERNANDEZ and DOES 1-10 had no reasonable suspicion to believe that Plaintiff had committed a crime or intended to commit a crime.

60. In aggressively pulling Plaintiff out of his vehicle so as to cause of severe labral tear in Plaintiff's left shoulder, elbowing Plaintiff on his forehead, and either striking Plaintiff on the top of his head or throwing him down on the pavement, causing a large lump on the top-right of his head, Defendants acted under color of law.

61. Defendants' seizure of Plaintiff's person was unreasonable and deprived him of his Fourth Amendment right to be free of unreasonable seizures.

62. In manhandling and beating Plaintiff, and depriving Plaintiff of his right to be free from unreasonable searches, Defendants acted pursuant to the longstanding practice and custom of the El Monte Police Department ("EMPD") to condone violence and excessive force.

63. Plaintiff is informed and believes and thereon alleges that the unjustified manhandling and beating of Plaintiff was found to be consistent with EMPD policy, practice, and custom.

64. Plaintiff is informed and believes and thereon alleges that Defendants FERNANDEZ and DOES 1-10 were not disciplined for their unjustified manhandling and beating of Plaintiff.

65. Plaintiff is informed and believes and thereon alleges that EMPD employs and retains officers who it knows have dangerous propensities for abusing their authorities and mistreating citizens.

66. Plaintiff is informed and believes and thereon alleges that EMPD maintains grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling officers' use of excessive force.

67. Plaintiff is informed and believes and thereon alleges that no EMPD officer has reported the use of excessive force against Plaintiff, and that EMPD has not investigated the use of excessive force against Plaintiff.

68. Plaintiff is informed and believes and thereon alleges that EMPD policy is to not investigate claims of excessive force.

...

69. Plaintiff is informed and believes and thereon alleges that EMPD policy is to not discipline officers accused of using excessive force.

70. The EMPD's longstanding practice or custom of condoning violence and excessive force was the proximate cause and moving force in the deprivation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION [42 U.S.C. § 1983 (Excessive Force)]**

1. For general and special damages;
2. For compensatory damages for lost earnings, loss of future earnings, and loss of earning capacity;
3. For exemplary and punitive damages;
4. For attorney fees pursuant to 42 U.S.C. § 1988;
5. For costs of suit; and
6. For such other and further relief as the court may deem proper.

**ON THE SECOND CAUSE OF ACTION [42 U.S.C. § 1983 (Monell)]**

7. For general and special damages;
8. For compensatory damages for lost earnings, loss of future earnings, and loss of earning capacity;
9. For attorney fees pursuant to 42 U.S.C. § 1988;
10. For costs of suit; and
11. For such other and further relief as the court may deem proper.

SKAPIK LAW GROUP

Dated: August 29, 2023    By: *Blair J. Berkley*
Blair J. Berkley
Attorneys for Plaintiff
DUSTIN WILLIAM MATHEWS

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

SKAPIK LAW GROUP

Dated: August 29, 2023      By: _____
Blair J. Berkley
Attorneys for Plaintiff
DUSTIN WILLIAM MATHEWS